Case 4:22-cv-02181   Document 1-3   Filed on 07/01/22 in TXSD   Page 1 of 7

6/1/2022 5:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65042408
By: Carolina Salgado
Filed: 6/1/2022 5:18 PM

CAUSE NO. 2022-32775

| | | |
|---|---|---|
| **FRANCES HILARIO,** § | | **IN THE DISTRICT COURT OF** |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| § | | **_____ JUDICIAL DISTRICT** |
| § | | |
| **WALMART INC.,** § | | |
| Defendant. § | | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, FRANCES HILARIO ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of WALMART INC., (hereinafter "Defendant") and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff FRANCES HILARIO is an individual residing in Harris County, Texas. Plaintiff is a citizen of Texas.

3. Defendant WALMART INC. is a domestic entity, and the causes of action arises out of this defendant's business activities in the State of Texas. This defendant may be served with personal process, by a process server, by serving its registered agent: C T CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201-3136.

**EXHIBIT B**

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000. Plaintiff reserves the right to amend her pleadings during and/or after the discovery process.

## VENUE

5. Venue is proper in Harris County, Texas under Sections 15.002(a)(1) and 15.002(a)(2) of the Texas Civil Practice and Remedies Code because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, and the county of Defendant's residence at the time the cause of action accrued.

## FACTS

6. On or about July 26, 2020, Plaintiff was inside the Walmart, located at 10411, I45 Freeway, Houston, Texas, 77037. Plaintiff slipped and fell in front of the pharmacy area.

7. Defendant breached the duty of care to inspect, fix, or give adequate warning about the unsafe condition of the aisles. Additionally, Defendant knowingly and recklessly violated laws and statutes of the State of Texas.

8. As a result of Defendant's negligent and wrongful acts and omissions, Plaintiff sustained injuries and has suffered damages.

## CAUSES OF ACTION:

### COUNT 1 – PREMISES LIABILITY OF DEFENDANT

9. Defendant had a duty to inspect the premises, fix or make safe any dangerous condition, or give an adequate warning about potentially unsafe conditions.

EXHIBIT B

10. Defendant breached this duty of care by doing one or more of the following:

   a. Failing to inspect the premises;

   b. Failing to fix or make safe any dangerous condition; or

   c. Failing to give an adequate warning about potentially unsafe conditions.

11. Each of these acts or omissions of Defendant, singularly or in combination with others, constituted negligence. Defendant's negligence proximately caused the injury that is the basis of this lawsuit resulting damages to Plaintiff. Defendant is liable for the injuries and damages suffered by Plaintiff.

### COUNT 2 - NEGLIGENCE OF DEFENDANT

12. In addition, and in the alternative, Defendant was negligent in adopting and enforcing certain minimum safety standards to protect Plaintiff and others from foreseeable harm.

13. Defendant's breach proximately caused injury to Plaintiff, and Plaintiff has suffered damages as more fully described herein.

### COUNT 4 - GROSS NEGLIGENCE OF DEFENDANT

14. Pleading further, and without waiving the foregoing Plaintiff hereby brings claims against Defendant for gross negligence. Plaintiff incorporates by reference the allegations contained within paragraphs nine (9) through sixteen (13) above. Defendant's acts and omissions, as more fully described above, constituted gross negligence as defined under Texas law, which entitles Plaintiff to exemplary damages under Texas Constitution Article 16, Section 26.

EXHIBIT B

## DAMAGES

15. Upon trial of this case, Plaintiff will show that Defendant's negligence proximately caused injury to Plaintiff, which resulted in damages including, but not limited to:

    a. Physical pain in the past and future;

    b. Mental anguish in the past and future

    c. Disfigurement in the past and future;

    d. Physical impairment in the past and future;

    e. Medical expenses in the past and future;

    f. Lost wages in the past and future; and

16. Plaintiff will respectfully request the Court and jury to determine the amount of loss that Plaintiff has incurred and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Moreover, there are certain elements of damage provided by law that the Plaintiff is entitled to have the jury in this case consider separately to determine the sum of money that will fairly and reasonably compensate the Plaintiff for the injuries, damages and losses incurred and to be incurred.

## JURY DEMAND

17. Plaintiff requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff tenders the appropriate jury fee.

## DESIGNATED E-SERVICE ADDRESS

18. The following is the undersigned attorney's designated e-service electronic mail address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21 (f)(2) & 21a: **eserve@puschnguyen.com**. This is the undersigned's only e-service email address and service through any other email address will be considered invalid.

EXHIBIT B

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein, and, that upon final trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure and any damages legally recoverable. In addition, Plaintiff requests the award of all costs of Court expended on her behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

PUSCH & NGUYEN LAW FIRM PLLC

_/s/ Sean Madera_
Sean Madera
State Bar No. 24094809
6330 Gulf Freeway
Houston, TX 77023
713-524-8139 (Office)
713-524-7034 (Facsimile)
**For Electronic Service:**
eserve@puschnguyen.com
**ATTORNEYS FOR PLAINTIFF**

EXHIBIT B

CAUSE NO. 2022-32775

| | | |
|---|---|---|
| FRANCES HILARIO | * | IN THE DISTRICT COURT OF |
|    Plaintiff | * | |
| | * | |
| VS. | * | HARRIS COUNTY, TEXAS |
| | * | |
| WALMART, INC. | * | |
|    Defendant | * | 11TH JUDICIAL DISTRICT |

<u>ORIGINAL ANSWER AND JURY DEMAND OF DEFENDANT
WALMART, INC.</u>

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, WALMART, INC., and files its Original Answer and Jury Demand, and would show the Court the following:

**I.**

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial.

**II.**

**JURY DEMAND**

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a jury trial. Defendant is tendering the required fee with its jury demand.

**III.**

**RULE 193.7 NOTICE**

Pursuant to Texas Rules of Civil Procedure 193.7, this will serve as actual notice that Defendant intends to use produced documents/tangible items against Plaintiff in pretrial proceedings and at trial. Accordingly, production of a document(s)/tangible items in response to this Request for Disclosure authenticates the document(s)/tangible items for use against Plaintiff

**EXHIBIT B**

in any pretrial proceeding or at trial unless Plaintiff objects to the authenticity of any produced document(s)/tangible items within the time limits as particularly set out in Texas Rules of Civil Procedure 193.7.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit herein, and that Defendant goes hence without day and recover its costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/Karen L. Spivey
KAREN L. SPIVEY
SBN:  18955100
PO Box 16
Beaumont TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont TX 77702
Ph:     409-835-5011
Fx:     409-835-5177
KarenSpivey@mehaffyweber.com
ATTORNEY FOR DEFENDANT,
WALMART, INC.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Answer has been forwarded to opposing counsel of record by electronic filing, on this 20th day of June, 2022.

/s/ Karen L. Spivey

KAREN L. SPIVEY

EXHIBIT B